UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CARMEN LEE,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MICHAEL FORMAN,**<br><br>    Defendant. | **2:24-CV-10678-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DENYING PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A FIRST AMENDED COMPLAINT (ECF NO. 27)**<br><br>**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**<br><br>**AND DISMISSING THE CASE WITHOUT PREJUDICE.** |

Plaintiff Carmen Lee brought suit against Defendant Oakland County Deputy Sheriff Michael Forman in his official capacity, asserting claims arising under 42 U.S.C. § 1983. *See* ECF No. 1; ECF No. 21 (dismissing state law claim). Defendant has filed a motion for summary judgment. *See* ECF No. 26. Plaintiff has filed a motion seeking leave to file a first amended complaint. *See* ECF No. 27. The Court held a hearing on the matter on November 19, 2025. For the following reasons, Plaintiff's motion seeking leave to file a first amended complaint is

1

**DENIED** and Defendant's motion for summary judgment is **GRANTED**. As there are no surviving claims, the case is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

On March 15, 2024, Plaintiff filed the operative complaint. *See* ECF No. 1. The only defendant named in the complaint is "Oakland County Deputy Sheriff M. Forman (03285), In his Official Capacity." *Id.* at PageID.1. Plaintiff brings three claims: (1) alleging a "violation of Plaintiff's Fourteenth Amendment-substantive due process rights as a pre-trial detainee" under § 1983; (2) a "gross negligence claim pursuant to MCL 691.1407"; and (3) alleging "failure to provide medical care and treatment" under § 1983. *Id.* at PageID.3–7. On May 7, 2024, Defendant filed his answer and affirmative defenses. ECF No. 9.

On September 12, 2024, in a scheduling order the Court set the deadline for discovery as January 6, 2025 and the deadline for dispositive motions as February 6, 2025. ECF No. 13, PageID.48. On November 1, 2024, the Court revised the previous scheduling order and set the deadline for fact discovery as May 12, 2025 and the deadline for dispositive motions as June 9, 2025. ECF No. 16, PageID.67. On May 20, 2025, the dispositive motion filing deadline was extended to August 8, 2025. ECF No. 20, PageID.91.

On July 31, 2025, the Court dismissed Count II of Plaintiff's Complaint—alleging gross negligence—with prejudice, pursuant to the parties' joint stipulation. ECF No. 21.

On August 8, 2025, Defendant filed a motion for summary judgment. ECF No. 26. In the motion, Defendant argues that because "Plaintiff brings this suit against Deputy Forman in his official capacity only," the remaining claims "should be dismissed because Plaintiff has not pled, and there are no facts to support a valid *Monell* claim against Oakland County." *Id.* at PageID.131. In the alternative—"[e]ven if Plaintiff brought a claim against Defendant in his individual capacity (which she did not)"—Defendant argues that the remaining claims should be dismissed "because Deputy Forman would have qualified immunity from" these claims. *Id.* at PageID.133–38.

On August 26, 2025, Plaintiff filed a motion seeking leave to file a first amended complaint. ECF No. 27. The proposed amended complaint, *see id.* at PageID.543–53, sues Oakland County Deputy Sherriff Michael Forman in his *individual* capacity and names an *additional* defendant, Oakland County Deputy Sherriff Michael J. McCarty, Jr., who is also sued in his individual capacity. *Id.* at PageID.543. The proposed amended complaint brings two claims: (1) "excessive use of force against pret[r]ial detainee U.S. Constitution Fourth and Fourteenth Amendment rights against Defendant-Forman" under § 1983; and (2) "failure to provide medical care and treatment to pre-trial detainee U.S. Constitution Due

3

Process Clause of the Fourteenth Amendment against Defendant-Michael J. McCarty, Jr,." *Id.* at PageID.546–53.

On August 29, 2025, Plaintiff filed an opposition to Defendant's motion for summary judgment. ECF No. 29. On September 9, 2025, Defendant filed an opposition to Plaintiff's motion seeking leave to file a first amended complaint. ECF No. 33. The parties replied to the respective motions on September 12, 2025. ECF No. 34; 35.

On November 19, 2025, the Court held a hearing on the matter.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

We begin by addressing Plaintiff's motion seeking leave to file a first amended complaint.[1]

Plaintiff seeks leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). ECF No. 27, PageID.533. Under that rule, a "court should freely give leave [to the party seeking to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Supreme Court has explained,

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

---

[1] "When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 08-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010).

4

> virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant urges that "[w]here, as here, deadlines have passed and the scheduling order would need to be modified to grant the motion, Rule 16 comes into play, holding the movant to a much higher standard where good cause must be shown." ECF No. 33, PageID.849.[2] However, the original scheduling order and the amended scheduling orders did not set deadlines by which the pleadings had to be amended. *See* ECF Nos. 13, 16, 20. Accordingly, because it is not necessary to amend the scheduling order, Plaintiff does not need to meet the strictures of Rule 16.

Instead, when examining whether to grant leave to amend under Rule 15, a court must consider following factors:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may

---

[2] Indeed, "[o]nce the scheduling order's deadline [to amend the pleadings] passes," the scheduling order must first be modified under Rule 16(b) "before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."). Under Rule 16(b), "a plaintiff … must show good cause … for failure earlier to seek leave to amend." *Id.* Additionally, "when a district court decides whether or not to amend a scheduling order," the court is required to also "evaluate prejudice to the opponent." *Id.*

affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001). Where, as here, the discovery deadline and the dispositive motion deadline have passed, there is an increased burden on the movant to show justification for the failure to move earlier. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Here, there has been considerable delay in seeking to amend the complaint. In light of such undue delay, significant prejudice would accrue to Defendant from allowing Plaintiff to file an amended complaint. In light of such prejudice, and given the absence of a compelling justification, the Court will deny Plaintiff's motion for leave to amend the complaint.[3]

First, while "[d]elay by itself is not sufficient reason to deny a motion to amend," *Wade*, 259 F.3d at 458, here, Plaintiff's delay in seeking to file an amended complaint was undue. Plaintiff filed her motion seeking leave to file an amended complaint 106 days, more than three and a half months, after the period for fact discovery had closed,

---

[3] Defendant argues that Plaintiff's motion "should be denied as she provides no support for her request and fails to comply with LR 7.1(d)(2) and Fed. R. Civ. P 11." ECF No. 33, PageID.844. Because the Court rejects Plaintiff's motion on substantive grounds, the Court need not address this argument.

ECF No. 16, PageID.67, and 18 days after the deadline for dispositive motions, ECF No. 20, PageID.91. Such excessive delay is undue. *See Duggins*, 195 F.3d at 834 (finding that filing a motion for leave to amend after "both the discovery deadline and the dispositive motion deadline had passed" was "undue").

Additionally, the fact that the motion to amend was filed shortly after Defendant filed his motion for summary judgment warrants a finding of undue delay. *See, e.g.*, *Fatir v. Dowdy*, No. 95-677, 2002 WL 2018824, at *7 (D. Del. Sept. 4, 2002) ("The plaintiff's delay may become undue after a motion for summary judgment is filed where the movant has had previous opportunities to amend a complaint, but chose not to do so.").

Second, it would significantly prejudice Defendant to allow Plaintiff to amend her complaint at this late stage. Defendant argues that "extensive additional discovery" would be required to defend against the "allegations in the proposed Amended Complaint," ECF No. 33, PageID.853,[4] and the Court sees no reason to doubt this assertion in light of the fact that Plaintiff's proposed amended complaint is significantly different from the operative complaint—the proposed amended

---

[4] Specifically, Defendant argues that Plaintiff would have to be re-deposed, "additional medical providers," "her physical therapy provider," "her then-employer, her mother, and the father of one of her children," and others would have to be deposed, and "the defense would need to engage and disclose medical experts." *Id.* at PageID.853–54.

7

complaint names an additional defendant, names Defendant Forman *only* in his individual capacity (as opposed to *only* in his official capacity), and alleges a new claim arising under a different constitutional provision not previously named.

Accordingly, the Court finds that allowing Plaintiff to amend her complaint would significantly prejudice Defendant by necessitating the reopening of discovery to defend against substantially different claims. *Duggins*, 195 F.3d at 834 (pointing out that the Sixth Circuit "has held that allowing amendment after the close of discovery creates significant prejudice"); *Leary*, 349 F.3d at 908–09 (finding that defendant would "[o]bviously … suffer prejudice" if Plaintiff could change the substance of their claims); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989) ("We think it is clear that the wasted time and expense that would be entailed in conducting discovery, preparing summary judgment motions, and preparing for trial on an amended complaint justified the district court's denial of leave to amend.").

Additionally, the timing of the motion—filed shortly after Defendant filed his motion for summary judgment—is especially prejudicial to Defendant. *Salyers v. City of Portsmouth*, 534 F. App'x 454, 461 (6th Cir. 2013) ("a party prejudices his opponent by … waiting until after summary judgment motions are filed before introducing entirely new legal theories"). As one district court has explained, "the timing of the motion to amend in response to the defendant's motion [for summary

8

judgment] raises an inference that the plaintiff is attempting to bolster his legal position—and therefore avoid summary judgment—by amending the complaint. … Permitting such an amendment" would "prejud[ice] the defendants." *Fatir*, 2002 WL 2018824, at *8.

Plaintiff argues that Defendant will not suffer "substantial prejudice" because "the plaintiffs proposed first amended complaint is merely a good-faith attempt, to present a cleaned-up version of the Plaintiffs complaint which would most certainly act to assist a more judicious resolution of the two remaining claims." ECF No. 35, PageID.920 (citing *Boone v. Stieve*, 630 F. Supp. 3d 881 (E.D. Mich. 2022)). However, unlike in *Boone*, where the proposed amended complaint truly was just a "cleaned-up version of Plaintiff's complaint," *Boone,* 630 F. Supp. 3d at 884 (also explaining that "the new complaint adds the Estate of Richard Miles as a defendant in the case, which is warranted because Defendant Miles has since passed away"), here, as described above, the proposed amended complaint is significantly different from the operative complaint and would require another period of discovery.

Third, Plaintiff has not offered any persuasive justification for the delay in seeking to amend her Complaint.

Plaintiff's sparse brief only suggests two justifications for the delay: "[t]hat as recently as June 6, 2025, additional information concerning pertinent matters of fact and issues relating to this case, intended to help

9

clarify the facts was received and/or exchanged between the parties," and the "service of the Defendant's Motion for Summary Judgment on August 8, 2025." ECF No. 27, PageID.535. Neither of these justifications are persuasive.

As to the "additional information" received by Plaintiff, it appears that Plaintiff is referring to a June 6, 2025 affidavit by Deputy McCarty. *See* ECF No. 27, PageID.539–41. In that affidavit Deputy McCarty corrects certain statements made during his May 1, 2025 deposition. *Id.*

The Court does not consider the June 6, 2025 affidavit to be a compelling justification for allowing Plaintiff to file an amended complaint nearly three months later on August 26, 2025. First, Plaintiff does not provide a reason for the significant delay—82 days—between the receipt of "additional information" and the filing of the motion for leave to amend the complaint. In light of such a significant delay, courts have denied leave to add a new defendant. *See, e.g.*, *Browder v. Hopkins Cnty.*, No. 22-00065, 2023 WL 5192034, at *8 (W.D. Ky. Aug. 11, 2023) (denying motion to amend filed after close of discovery where plaintiff "possessed the discovery that gave him notice of a potential claim against the party he now seeks to add [two months] before making any effort to add her"); *Greene v. Buster*, No. 20-128, 2022 WL 943137, at *4 (E.D. Ky. Mar. 9, 2022), *adopted,* No. 20128, 2022 WL 906043 (E.D. Ky. Mar. 28, 2022) (denying leave to add a new defendant even when the new

10

defendant had "arguably" been "on notice" of the claim due to information contained in the original complaint).

Second, many of the changes Plaintiff attempts to make to the operative complaint appear to have no relation to the "additional information" obtained on June 6, 2025. Specifically, Plaintiff's attempt to name the Defendant in his individual rather than in his official capacity and Plaintiff's attempt to add a Fourth Amendment claim have no clear connection to the information contained in the June 6, 2025 affidavit.

Next, Plaintiff mentions the filing of Defendant's motion for summary judgment on August 8, 2025. *See* ECF No. 27, PageID.535. Plaintiff also states that "the sole purpose of amending her Initial Complaint" is "to correct certain deficiencies contained therein, as was highlighted by the Defendant in his/her/its Motion for Summary Judgment." *Id.* This is not a proper reason to amend. *Kennedy v. Josephthal & Co.*, 814 F.2d 798, 806 (1st Cir. 1987) (affirming district court's denial of leave to amend where "the motion for leave to amend could be viewed as an attempt to avoid an adverse ruling on summary judgment"); *Loc. 472 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Georgia Power Co.*, 684 F.2d 721, 724–25 (11th Cir. 1982) (same); *Fatir*, 2002 WL 2018824, at *8 (same).

The case law relied upon by Plaintiff in her motion to amend and her reply brief do not change this outcome.

11

First, in the section of Plaintiff's motion titled "Brief in Support of Motion," Plaintiff cites five cases. *See* ECF No. 27, PageID.537. None of these cases advance Plaintiff's position. In *Nolan v. Thomas*, No. 16-12224, 2018 WL 3122597 (E.D. Mich. June 26, 2018) (Levy, J.), the district court *denied* plaintiff's motion for leave to amend "because he brings it not just after the close of discovery, but after oral argument on the parties' cross motions for summary judgment." *Id.* at *9. In *Huntley v. Ohio Ass'n of Pub. Sch. Emps.*, 508 F. App'x 361 (6th Cir. 2012), the Sixth Circuit found that the "district court was … correct to deny Huntley's motion to amend her complaint" because the statute of limitations had expired. *Id.* at 365. In *Nat'l Liab. & Fire Ins. Co. v. Sternberg*, No. 24-01749, 2025 WL 2214081 (E.D. Pa. Aug. 1, 2025), the district court denied plaintiff's motion to amend "[g]iven the late stage of litigation and the unlikely prospect of amendment." *Id.* at *7. In *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545 (6th Cir. 2008), the Sixth Circuit found that the district court did not abuse its discretion in denying further amendment where the plaintiff "never sought leave to amend or submitted proposed new allegations." *Id.* at 551. Lastly, while the district court in *Harley v. Rhodes*, No. 25-240, 2025 WL 1479495 (W.D. Ky. May 22, 2025), noted that it would "allow Plaintiff to amend his complaint" should he wish to do so, the court was addressing a completely different phase of the lawsuit: the court was assessing the complaint "for screening pursuant to 28 U.S.C. § 1915A." *Id.* at *1, *4.

12

Next, in Plaintiff's reply brief, Plaintiff cites *Byrne v. Wood, Herron & Evans, LLP*, No. 08-102, 2009 WL 649056 (E.D. Ky. Mar. 11, 2009). ECF No. 35, PageID.918. However, in *Byrne*, the motion to amend was "made at an early stage in the litigation [when] minimal discovery ha[d] been conducted." *Id.* at *3. That case is materially inapposite to the circumstances before the Court today.

Without any due reasons justifying the delay, where granting the motion would impose considerable prejudice upon Defendant, and in the absence of any authority justifying amendment, Plaintiff's motion for leave to file an amended complaint is **DENIED**.

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant moves for summary judgment for following reasons: (1) dismissal is proper "because Plaintiff has not pled, and there are no facts to support a valid Monell claim against Oakland Count," ECF No. 26, PageID.131;[5] (2) in the alternative, the remaining claims should be dismissed "because Deputy Forman would have qualified immunity from" these claims. *Id.* at PageID.133–38. Because the Court grants Defendant's motion to dismiss on the first ground, it is unnecessary to address the second.

---

[5] A party may raise the defense of failure to state a claim "on a summary judgment motion" or even "at trial." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure,* § 1385 (3d ed. 2025).

The operative complaint in this lawsuit plainly sues Defendant in his official capacity. *See* ECF No. 1. Plaintiff admits the same and does not contend otherwise. *See* ECF No. 27, PageID.535; ECF No. 35, PageID.921; ECF No. 29, PageID.563.

As the Supreme Court has explained, while "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, … [o]fficial-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. Accordingly, here, Plaintiff's lawsuit is a suit against Oakland County, the entity of which Defendant Forman is an agent.

In a suit against a municipality under § 1983, "liability attaches only under a narrow set of circumstances." *Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019). Specifically,

> A municipality may not be held liable under § 1983 on a *respondeat superior* theory—in other words, *solely* because it employs a tortfeasor. Instead, a plaintiff must show that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. A plaintiff does this by showing that the municipality had a policy or custom that caused the violation of his rights.
>
> There are four methods of showing the municipality had such a policy or custom: the plaintiff may prove (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal

14

actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Id.* (cleaned up).

Here, Plaintiff has not pled facts under any of the four recognized methods for establishing municipal liability. *See* ECF No. 1. Nor, based on the record, does there appear to be any evidence that would support a claim arising under any of the four recognized methods for establishing municipal liability. *See* ECF Nos. 26, 29.

Plaintiff concedes this outcome. In fact, in Plaintiff's response to Defendant's motion for summary judgment, Plaintiff answers "Yes" to the question "Whether Plaintiff's original § 1983 inferred '*Monell* Claim' should be dismissed due to the absence of any genuine issue(s) of material fact?" ECF No. 29, PageID.562. Additionally, Plaintiff's motion raises no argument in response to Defendant's motion for summary judgment on this point.

For the aforementioned reasons, Defendant's motion for summary judgment is **GRANTED** as to the question of whether Plaintiff has pled and whether there are facts to support a municipal liability claim.

## IV. CONCLUSION

For the reasons above, Plaintiff's motion seeking leave to file a first amended complaint (ECF No. 27) is **DENIED** and Defendant's motion for summary judgment (ECF No. 26) is **GRANTED**. Because there are no remaining claims, the case is **DISMISSED WITHOUT**

**PREJUDICE**. Accordingly, this is a final order that closes the case.

The November 19, 2025 hearing is hereby cancelled.

**SO ORDERED.**

Dated: November 13, 2025    /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE